502 A.2d 235

**In re ADOPTION OF B.K.W., Born: 1/23/73.**

**Appeal of G.T.W. and S.W., Parents of Child.**

**In re ADOPTION OF D.M.W., Born: 8/22/74.**

**Appeal of G.T.W. and S.W., Parents of Child.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1985.

Filed Dec. 20, 1985.

John A. Roth, Latrobe, for appellants.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

Appellants, G.T.W. and S.W., appeal from an order of the Court of Common Pleas of Westmoreland County dismissing exceptions and making final an order terminating their parental rights with regard to their son, B.K.W., age 12, and daughter, D.M.W., age 11. We affirm.

On January 5, 1982, Westmoreland County Children's Bureau filed a petition seeking the involuntary termination of appellants' parental rights. 23 Pa.C.S. § 2511(a)(2) and (5). A hearing was held on March 10, 1982, and was continued for six months to provide appellants an opportunity to engage in psychotherapy. After the six month period, a hearing was held and the trial judge found no significant improvement had taken place in appellants' ability to care for their children. The single issue raised in the appeal before us is whether appellants "have received and are willing to continue to receive sufficient mental health treatment such as to cause their attitude and emotional stability to be sufficient to reunify the family and to avoid termination of parental rights."

This court will not reverse an order for termination of parental rights unless it is apparent the trial court abused its discretion or committed an error of law. *In Re Baby Boy P.*, 333 Pa.Super. 462, 482 A.2d 660 (1984). Of course, the burden of proof on the party seeking to terminate another's parental rights is one of clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

Appellants have not requested custody but request that parental rights not be terminated and visitation reinstituted. The children have been under the custody of Westmoreland County Children's Bureau since 1977. Appellants' sole challenge to the termination proceeding is that they have improved sufficiently during the six month period of mental health treatment, and termination of their parental rights is no longer warranted.

■ After reviewing the record, we cannot agree. Both experts who testified at the hearing stated the necessary improvement had not occurred. Dr. Hugh Chavern, Director of the mental health center treating appellants, testified "both seem to be no different than they had been prior", and "there have been no significant positive changes on the part of either." (N.T. 10/22/82 p. 4 and p. 7). Gloria Bakin, a licensed psychologist, said "they both continue to exhibit the same behavior that brought them to my office the first time, that is, they showed a tendency toward expansive hostile acting out behavior and people with that behavior pattern generally become abusive parents." (N.T. 10/22/82 p. 24). There was no other expert testimony with appellants relying only on their own personal testimony and that of the parent of a child for whom they babysat. We cannot say the trial court erred in concluding significant improvement had not occurred.

Order affirmed.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring:

Although I concur in the decision rendered by my esteemed colleagues, I differ in the reasoning supporting this judgment.

It is well settled that when an appellate court is faced with a termination of parental rights case, it must employ a broad, comprehensive scope of review. *Matter of Adoption of Baby Boy Allen*, 337 Pa.Super. 133, 486 A.2d 517 (1984); *In re Adoption of Michael J.C.*, 506 Pa. 517, 486 A.2d 371

(1984); *Matter of Adoption of Ferrante,* 334 Pa.Super. 53, 482 A.2d 1076 (1984); *In re Baby Boy P.,* 333 Pa.Super. 462, 482 A.2d 660 (1984); *In re Adoption of James J.,* 332 Pa.Super. 486, 481 A.2d 892 (1984) (en banc). In the latter case, this Court carefully noted a distinction between the duties imposed on the trial and appellate courts. It indicated that while the lower court is obligated to draw a conclusion based on clear and convincing evidence, the appellate court must insure that the trial court has satisfactorily examined all evidentiary resources, has conducted a full hearing, and has set forth its decision in a full discursive opinion. *James J.,* 332 Pa.Superior Ct. at 491, 481 A.2d 894. Thus, unless it is apparent that the trial court abused its discretion, committed an error of law, or lacked evidentiary support for its findings, the reviewing court will not reverse an order terminating parental rights. *Id.,* 332 Pa.Superior Ct. at 494, 481 A.2d at 896.

The obligation imposed on the trial and appellate courts in respectively deciding and reviewing parental termination cases is a serious one. Not only does a decision to terminate parental rights place upon a parent a stigma of parental unfitness, but it also ends the fundamental liberty interest of natural parents in their children. Because of the "delicate tension between the right of a parent to exercise the rights and obligations of a parent toward his child, ... and society's interest in the nurturing, care, safety, and training of children," the lower court must "insist that the full story be told and demonstrate in its opinion that the evidence has been weighed in consideration of the statutory requirements and the applicable standard of proof." *Id.,* 332 Pa.Superior Ct. at 492, 481 A.2d at 895. This need for a heightened standard of review can be understood by the United States Supreme Court's analysis in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

> The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the

State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.

455 U.S. at 753–754, 102 S.Ct. at 1394–1395, 71 L.Ed.2d at 606.

With this in mind, I affirm the trial court's decision terminating the appellants' parental rights in B.K.W. and D.M.W.

In the first instance, it is noteworthy that the burden of producing clear and convincing evidence is on the party seeking termination of parental rights. The parents, on the other hand, are not obligated to introduce any evidence to contradict what has been offered against them. As a result, this Court should not be concerned with the lack of testimony offered on behalf of the parents.

Thus, it is my belief that competent evidence exists to support the trial court's findings. The children involved in this proceeding, D.M.W. and B.K.W., were ages three and four respectively when they were removed from their parents' custody. Eight years have passed since this action. Throughout this period, appellants were instructed by authorities what they had to accomplish in order to maintain their rights in their children. The parents, however, have failed to achieve these goals. Instead their problems still exist in the form of substance abuse, dependency, manipulation of the system, explosive behavior, and a refusal to accept help.

I therefore conclude that clear and convincing evidence of the appellants' repeated, continued, and irremediable incapacity, abuse and neglect has been shown pursuant to 23 Pa.C.S.A. Sec. 2511(a)(2). In addition, I find support in the record that the parents have failed to remedy the conditions

338

which initially occasioned the children's removal from their care. Consequently, I feel that the termination would best serve the needs and welfare of the children under Sec. 2511(a)(5) of title 23.