511 A.2d 852

**In the Matter of K.L.P., a Minor Under the Age of 18 Years.**

**Appeal of V.R.P. (S.).**

Superior Court of Pennsylvania.

Argued May 20, 1986.

Filed June 23, 1986.

Kevin D. Derr, Harrisburg, for appellant.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This case involves the involuntary termination of parental rights of appellant/mother, V.R.P., in the child, K.L.P.

The facts indicate the child was born on August 15, 1979. He was placed in foster care under the supervision of Dauphin County Social Services for Children and Youth (hereinafter, the agency) on May 17, 1983, following a referral that the child had been abandoned. A detention hearing was held on May 20, 1983 and neither parent attended. Subsequently, appellant/mother contacted the agency discussing a plan for visitation and eventual return of the child. An adjudicatory hearing was held on June 17, 1983, again neither parent attended and the court granted custody to the Dauphin County Social Services. The child was then placed in foster care where he has remained.

On March 13, 1984, after efforts by the agency to meet with appellant to discuss visitation and a plan for return of the child proved unsuccessful, the agency filed a petition for involuntary termination of parental rights.

A hearing was held on January 28, 1985. On September 24, 1985, a Decree Nisi granting the petition was filed. Post-trial motions were denied and this appeal followed.[1]

Appellant contends the court's decision was not supported by competent evidence and was predicated upon capricious disbelief of competent and credible evidence. She also asserts the court based the decision upon legal error.

The gist of appellant's argument is that her personal problems were impediments of such proportion that they resulted in her inability to perform parental duties.

Citing to *In Interest of C.M.E.*, 301 Pa.Super. 579, 448 A.2d 59 (1982), appellant asserts that her actions should not be considered as a refusal or failure to perform parental duties. Rather, when viewed in light of what would be expected of an individual in like circumstances, the conduct is justifiable.

Appellant also maintains she failed to continue visits with her son because they were too difficult emotionally. She claims allowing the placement and control of her son to remain in the hands of the agency was actually an act of parental responsibility.

Finally, appellant contends the court failed to accept competent evidence in support of these arguments and in addition committed an error of law in not basing its decision on a consideration of all the circumstances as required under *C.M.E., supra.*

The court found the need for clear and convincing evidence, as required by *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) and *Appeal of G.J.A.*, 304 Pa.Super. 21, 450 A.2d 80 (1982), and was satisfied appellant failed to perform the required duties under the Adoption Act, 23 Pa.C.S.A. § 2101 et seq. Cited specifically was 23 Pa.C.S.A. § 2511(a)(1) which states:

1. The natural father has had no contact with the child and did not contest the petition.

§ 2511 Grounds for involuntary termination

(a) General rule.—the rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds.

(1) The parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

The court, in support of its initial ruling and later denial of post-trial motions, pointed to a series of unsuccessful attempts by the agency to aid appellant in reassuming her parental responsibilities. Appellant failed to appear at numerous appointments and also at periodic review hearings regarding the child.

The court termed the statutory duty a "positive duty" requiring affirmative performance, citing *In re Adoption of Orwick*, 464 Pa. 549, 347 A.2d 677 (1975). Appellant's conduct evidenced to the court a lack of interest in the child and a failure to perform affirmative parental duties. The court did not accept appellant's argument that her personal problems justified her actions. In recent times,[2] the thrust

**2.** 23 Pa.C.S.A. § 2511

§ 2511. Grounds for involuntary termination

(a) General rule.—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child or *has refused or failed to perform parental duties.*

(2) The repeated and *continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well being* and the *conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.*

. . . . .

(5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, *the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions* which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

of legislation in the area of termination of parental rights has focused on the best interest of the child and away from the practically inalienable right of parents. Parents can no longer claim exculpation from the responsibility of parenthood due to an inability to fulfill that function. The child, in the meantime, will grow and needs nurture, care, love and attention and stability if it is not to suffer irreversible damage from neglect, however occasioned. *In re Adoption of Michael J.C.*, 506 Pa.Super. 517, 486 A.2d 371 (1984).

Finally, the court rejected appellant's claim that she has changed and now wants to resume a place of importance with the child; finding it not appropriate to allow a parent to wait for a convenient time before being responsible for fulfilling her obligation to the child and citing *In re Burns*, 474 Pa. 615, 379 A.2d 535 (1975) in support.

▮ In cases involving an involuntary termination of parental rights, our scope of review is limited to determing whether the decree is supported by clear and convincing, competent evidence. *In re Adoption of B.K.W.*, 348 Pa.Super. 333, 502 A.2d 235 (1985). Absent an abuse of discretion or error of law, the Order will stand. *Id.* ; *In re Baby Boy P.*, 333 Pa.Super. 462, 482 A.2d 660 (1984).

▮ Under this standard of review, we think the court acted properly in terminating the parental rights. The court, in spite of appellant's argument to the contrary, viewed the evidence in light of the totality of the circumstances. *In re Adoption of Ostrowski*, 324 Pa.Super. 216, 471 A.2d 541 (1984); *In re Adoption of Orwick, supra,* cited in Memorandum and Opinion, Swope, J., filed Novem-

(b) Other considerations.—*The court in terminating the rights of a parent shall give primary consideration to the needs and welfare of the child.* The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.
1980, Oct. 15, P.L. 934, No. 163, § 1, effective Jan. 1, 1981. (emphasis added)

ber 15, 1985 p. 2. In addition, the court properly found the parental duty to be an affirmative one requiring positive action on the part of the parent to maintain a place of importance in the child's life. *In re Adoption of M.J.H.*, 348 Pa.Super. 65, 501 A.2d 648 (1985).

■ The uncontradicted evidence of appellant's failure to attend appointments, review hearings concerning the child and to maintain any contact with the child after August 29, 1983 adequately supports the court's finding, even in light of the explanations offered by appellant for these actions.

We find additional support in the fact that appellant was provided numerous opportunities to reestablish contact with the child and failed to do so. In addition, appellant did not take advantage of the agency's facilities which were available, despite her financial situation (see footnote 2, *supra*, § 2511(a)(5)).

■ Finally, we agree with the lower court that appellant's leaving her son in foster care cannot be viewed here as a positive exercise of parental responsibility as envisioned by the statute. Although such an action may well be in the child's best interest at the time, a positive duty still exists to maintain contact with the child in order to hold a place of importance in the child's life. The only exception provided by the law is that the right of a parent shall not be terminated solely on the basis of environmental factors, § 2511(b) footnote 2, *supra*, which does not relieve the parent of the duty to maintain contact with the child and to make every effort to cooperate with authorities exercising supervision of the child. This appellant did not do.

In examining the evidence as a whole, we conclude the decree is properly supported and no abuse of discretion or error of law exists. The decree is thus affirmed.

Decree affirmed.