512 A.2d 689

**In re Adoption of BABY BOY J. a/k/a Andrey, Born: 4/31/80.**

**Appeal of WILLIAM J., Father.**

Superior Court of Pennsylvania.

Submitted April 16, 1986.

Filed July 11, 1986.

John A. Roth, Latrobe, for appellant.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge:

This is an appeal from a final decree terminating the parental rights of appellant, William J., to Andrey J.

On April 24, 1980, Andrey J. was born out of wedlock to Martha Ann M. and appellant. On July 3, 1980, while in the custody of both parents, Andrey J. was admitted to Children's Hospital of Pittsburgh with fractures of the left femur and both tibias, a broken right clavicle, radius, and ulna, and a displaced right femur (Petitioner's Exhibit 1 p. 1 and Exhibit 2 pp. 1–2). After a dispositional hearing, Judge Marker found that Andrey J. was an abused and dependent child and by Order dated August 7, 1980,[1] placed him in the protective custody of the Westmoreland County Children's Bureau (Petitioner's Exhibit 2 p. 3). After further investigation of the causes of the minor child's injuries, Martha was charged with aggravated assault and endangering the welfare of children. After pleading guilty to the charges, she was sentenced to five years probation on the charge of aggravated assault and to two years probation to run concurrently on the charge of endangering the welfare of children (Petitioner's Exhibit 15 p. 1).

On February 4, 1982, appellant pled guilty to charges of theft and receiving stolen property and was sentenced to eight to twenty-three months incarceration (N.T. 5/10/82 p. 43). The Westmoreland County Children's Bureau filed a petition on March 26, 1982 to terminate the parental rights of Martha and appellant, William J., under 23 Pa.C.S.A. § 2511(a)(1), (2) and (5). After a hearing on May 10, 1982, the lower court entered an Order on October 7, 1983 terminating the parental rights of Martha and appellant. Appellant appealed to this Court. On February 14, 1984, our Court granted appellant's Petition for Remand as exceptions had not been filed and no Decree Nisi was entered by the lower court. The lower court denied appellant's post-trial motions on October 12, 1984, whereupon appellant perfected the present appeal to this Court.

---

1. This action is pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6301 et seq.

The sole question proposed by the appellant is whether his parental rights should be terminated when his failure to contact his child for a period in excess of six months was the result of the request of a public defender defending the mother in a criminal proceeding involving charges of assault against Andrey J.

The appropriate standard of review in cases involving the termination of parental rights is limited to a determination of whether the decision to terminate parental rights is supported by competent evidence. If review of the record does not reveal an abuse of discretion, an error of law or insufficient evidentiary support for the lower court's findings, the Order must stand. *Lookabill v. Moreland,* 336 Pa.Super. 520, 485 A.2d 1204 (1984), *Matter of Adoption of Baby Boy Allen,* 337 Pa.Super. 133, 486 A.2d 517 (1984); *see also In re Adoption of B.K.W.,* 348 Pa.Super. 333, 502 A.2d 235 (1985).

■ Parental rights may be terminated if a parent, by conduct continuing for a period of at least six months, either has evidenced a settled purpose of relinquishing his parental claim to his child or has refused or failed to perform parental duties (23 Pa.C.S.A. § 2511(a)). The performance of parental duties is an affirmative obligation to love, protect, support and maintain communication and association with the child. Consequently, being a parent is more than a passive state of mind, it is an active occupation, calling for a constant affirmative demonstration of parental love, protection and concern. A parent must exert himself to take and maintain a place of importance in the child's life. *In re Adoption of M.J.H.,* 348 Pa.Super. 65, 501 A.2d 648 (1985). The proof required in terminating parental rights is by evidence that is clear and convincing. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

■ There is sufficient evidence in the record to establish that, by his conduct continuing for a period in excess of six months, appellant has either evidenced a settled purpose of relinquishing his parental claim or failed to perform his

parental duties. From the time of placement to the termination hearing, appellant did not send any cards, toys or gifts to his son for Christmas or birthday (N.T. 5/10/82 p. 6). The parents failed to attend the meeting for the placement service plan on January 19, 1981 and the placement review meetings on June 25, 1981 and February 25, 1982 (Petitioner's Exhibit 3 p. 4, Exhibit 5 p. 2, and Exhibit 13 p. 2). At no time did appellant ask his child's caseworker what had to be done in order to have his son returned to him (N.T. 5/10/82 p. 27).

■ Whether a parent has evidenced a settled purpose of relinquishing his parental claim to a child, or has refused or failed to perform parental duties for a period of at least six months, must be analyzed in light of any explanation offered by the parent. *Lookabill v. Moreland,* 336 Pa.Super. 520, 485 A.2d 1204 (1984); *In Re Adoption of Ostrowski,* 324 Pa.Super. 216, 471 A.2d 541 (1984); *see also In Re T.L.G.* 351 Pa.Super. 256, 505 A.2d 628 (1986).

Appellant alleges his failure to maintain any contact with his son was the result of instructions given by Angela Mitas, the public defender who represented Martha Ann M. in the criminal proceeding on the child abuse charge. Both parents testified that the public defender informed them not to visit their child until Martha's five-year probation was over (N.T. 5/10/82 pp. 68, 91–92). The lower court implicitly rejected appellant's explanation for his absence when it found appellant had a settled purpose of permanently relinquishing his parental rights and had not provided love, affection or for the needs of the child.

The testimony indicates appellant was not directed to remain away from his child until the end of Martha's probation. Ms. Mitas testified that she advised Martha, before her plea of guilty, to visit with her child but not to attempt to see the child right away (N.T. 5/10/82 pp. 56–61). The Order of probation for Martha did not contain any provision prohibiting her from visiting her child (N.T. 5/10/82 p. 42) nor was there any basis for denial of visitation to the appellant. Appellant acknowledged he was

never charged criminally as a result of the child abuse incident in 1980 for which Martha was placed on probation. In addition, the child's caseworker made inquiry of both parents as to why they did not request visitation but never received an explanation for their failure to see the child (N.T. 5/10/82 pp. 23–24). The one reason appearing on the record was lack of transportation (N.T. 5/10/82, p. 93) which would have been made available by the agency upon request.

■ Assuming for purposes of argument that counsel told appellant to remain away from his child until the end of Martha's probation, this would not constitute a sufficient justification for his failure to visit his child. In *In Re Adoption of Y.S.*, 487 Pa. 99, 408 A.2d 1373 (1979), the Pennsylvania Supreme Court stated,

... Appellants assert the reason they did not attempt contacting Y.S. during the period from August 3, 1976 to July 12, 1977 was on the advice of counsel. *In the Matter of Adoption of David C.*, 479 Pa. at 11, 387 A.2d 804, the Court suggests the attorney's advice is not sufficient justification for refusal or failure to visit a child, and we here, on this record, so hold.

Another basis for terminating appellant's parental rights, upon which the lower court could have relied, is 23 Pa.C. S.A. § 2511(a)(5) which provides:

The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

. . . .

(5) The child has been removed from the care of the parent by the court ... for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the

child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

Since the child's placement in the custody of the Westmoreland County Children's Bureau in July of 1980, by Order of court, appellant had not contacted his child or requested any information concerning his well being (N.T. 5/10/82 pp. 4, 5, 7, 50, 51, 91). He failed to participate in scheduled meetings designated for planning the correction of the conditions for placement and monitoring the progress of the plan (Petitioner's Exhibit 3 p. 4, Exhibit 5 p. 2 and Exhibit 13 p. 2). In addition, appellant failed to improve his parenting skills or the family's housing condition (N.T. 5/10/82 pp. 17, 93–94). Appellant made no affirmative effort to maintain the parent-child relationship, and his efforts to improve the circumstances necessitating the child's initial placement in foster care are not evident, nor is appellant likely to remedy the conditions which led to the placement of the child within a reasonable period of time. *See In Re Baby Boy P.*, 333 Pa.Super. 462, 482 A.2d 660 (1984). The parental termination statute does not require a showing that a parent have an opportunity to inflict substantial harm upon the child when a parent has demonstrated a continued inability to conduct his life in a fashion that would provide for his child. The three conditions found in 23 Pa.C.S.A. § 2511(a)(2), which would result in termination, have been met. These include: 1) repeated and continued incapacity, abuse, neglect or refusal, which 2) has caused the child to be without essential care, control or subsistence and 3) the cause of this incapacity, abuse, neglect or refusal cannot or will not be remedied. *See In Re Adoption of Michael J.C.*, 506 Pa. 517, 528, 486 A.2d 371, 373 (1984); *In Re William L.*, 477 Pa. 322, 383 A.2d 1228 (1978), cert. denied 439 U.S. 880, 99 S.Ct. 216, 58 L.Ed.2d 192 (1978). In light of appellant's total disinterest in the rearing and development of his child, termination of appellant's parental rights would best serve the needs and welfare of Andrey J. and allow the child to acquire a stable environment from

which he will receive parental care and support. This child is in a stable and healthy environment with foster parents who would be the adopting parents upon completion of the termination proceeding. That environment is the present one and it should not be disrupted.

Although not raised in his statement of issues, appellant contends that he did not demonstrate a settled purpose to relinquish his parental claim because he made contact with his child through his parents, and his parental rights should not be terminated because there is no evidence that causes of the separation cannot be remedied. We find no merit to these arguments.

For the above-stated reasons, we conclude there is sufficient evidence to support the lower court's findings to terminate appellant's parental rights, and the lower court did not abuse its discretion or commit an error of law.

Order affirmed.