532

399 A.2d 1063

In re David Eugene THOMAS.

Appeal of Don THOMAS and Grace Thomas.

Supreme Court of Pennsylvania.

Argued March 12, 1979.

Decided April 5, 1979.

Jeffrey E. Leber, Daniel R. Milliard, Coudersport, for appellant.

John B. Leete, Coudersport, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

PER CURIAM:

Decree affirmed.

Each side to pay own costs.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. This case should be remanded for a new hearing in which the child, who is the subject of this adjudication, is represented by counsel.

In this case, appellee, Potter County Children's Services, filed a Petition for Involuntary Termination of Parental Rights. Following a hearing, the Court of Common Pleas, Orphans' Court Division, entered a decree terminating appellants', D. T. and G. T., parental rights to D. E. T., their natural son. Appellants argue that the hearing court erred by not appointing counsel to represent D. E. T. I agree.

The majority of this Court by affirming the termination of parental rights accepts the appellee's argument that counsel need not be appointed because the child's interest was represented by the opposing parties. Thus, the natural parents represent the interests of the child when they advance arguments to maintain their parent-child relationships, and Child Services represents the child when it advances arguments to provide alternate care. However, we do serious injustice to the child and his best interests when we deny him personal representation and expect somehow all of the child's interests to be advanced by either one or the other or a combination of the opposing parties. Parents, no matter what their relationship to their child, represent their own interests as parents in a termination proceeding. Child Services, while charged with the child's welfare, does have its own institutional interests and the interests of foster parents seeking to adopt. When parental rights are being terminated, *so too are the rights of the child* who will be cut off from any relationship with a parent or parents. More appropriately we should not speak of the termination of parental rights but the termination of rights to family relationships.

We do not risk a minor going without legal representation in a juvenile court proceeding. We would not terminate a child's interest as a beneficiary in a trust without that child's interests being represented. Surely, D. E. T.'s rights to a natural family cannot be treated with any less concern.

*In Re Kapcsos*, 468 Pa. 50, 62, 360 A.2d 174, 180 (1976) (Manderino, J., dissenting joined by Nix, J.); *In Re Watson*, 450 Pa. 579, 586, 301 A.2d 861, 865 (1973) (Manderino, J., dissenting joined by Nix, J.). This termination is final; it is irreversible; D. E. T. is entitled to be represented by counsel.