## In re Involuntary Termination of Parental Rights Concerning E.F.H.

### Appeal of L.V.H.M., Mother.

Superior Court of Pennsylvania.

Argued March 23, 2000.
Filed May 3, 2000.

Alfred Marroletti, Philadelphia, for appellant.

Tina Mazaheri, Doylestown, for appellee.

1. The statute concerning involuntary termination is found at 23 Pa.C.S.A. § 2511, and provides in pertinent part:

(a) **General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

. . .

(b) **Other considerations.**—The court in terminating the rights of a parent shall give

Before POPOVICH, TODD and BROSKY, JJ.

BROSKY, J.

¶ 1 Appellant L.V.H.M. is the natural mother of a child, E.F.H., who sought an involuntary termination of the parental rights of the child's natural father, T.A.H., so that L.V.H.M.'s husband, G.L.M., could adopt the child. The trial court dismissed the petition for adoption, including the involuntary termination request. The trial court found that the petitioners, L.V.H.M. and G.L.M., met their burden of proof to show that the respondent had failed to perform parental duties under 23 Pa. C.S.A. § 2511(a)(1). However, considering 23 Pa.C.S.A. § 2511(b), the trial court found that the evidence was not clear and convincing that the termination of T.A.H.'s parental rights and the child's adoption by her stepfather would promote her needs and welfare, especially her emotional well being.[1]

¶ 2 L.V.H.M raises only one question for this Court's review: whether the trial court's failure to appoint counsel for a child in a contested proceeding for involuntary termination of parental rights and adoption, as mandated by 23 Pa.C.S.A. § 2313(a), was error requiring the appointment of such counsel and a new trial? For the reasons that follow, we find that the court committed reversible error. Accordingly, we vacate the trial court's order and remand the matter.

primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1) . . ., the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

. . .

23 Pa.C.S.A. § 2511.

¶ 3 Section 2313 of the Adoption Act provides in pertinent part as follows:

(a) **Child.**—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.... No attorney or law firm shall represent both the child and the adopting parents.

23 Pa.C.S.A. § 2313(a).

¶ 4 It is clear that in the present case, in which the child's natural father, T.A.H., was contesting the involuntary termination proceedings, the trial court did not appoint counsel as required. L.V.H.M. cites *In re Adoption of N.A.G. and A.B.G., Appeal of B.G.*, 324 Pa.Super. 345, 471 A.2d 871 (1984), in which this Court held that the trial court's failure to appoint a child advocate, pre-hearing, was harmless error, and asserts that the instant matter is distinguishable. Relying on *In re M.T., R.T., & H.T., Appeal of L.T.*, 414 Pa.Super. 372, 607 A.2d 271 (1992), T.A.H. counters that L.V.H.M. has waived our consideration of this issue by her failure to raise it before the trial court.

¶ 5 In *N.A.G.*, a natural father of two children appealed from a final decree terminating his parental rights. From the testimony at the proceedings, the trial court found clear and convincing evidence sufficient for a trier of fact to conclude that the father had failed to perform his parental duties for ten years. However, the trial court had not appointed counsel to represent the children as mandated by 23 Pa.C.S.A. § 2313(a). The trial court mistakenly believed that the appointment of counsel was a discretionary matter.

¶ 6 When the father made a request early in the hearings for the court to appoint counsel to represent the children, the trial court denied the request. Later, after the hearings were completed, the father filed exceptions to the decree. The trial court realized its error, appointed counsel to represent the children, and directed appointed counsel to review the record, interview the children, and conduct an investigation. It was the recommendation of the appointed counsel that the parental rights should be terminated. The trial court then dismissed the father's exceptions and entered a final decree.

¶ 7 Upon an appeal by the father, this Court in *N.A.G.* stated the following:

This was contrary to the statute's procedural mandate. The purpose of the statutory requirement, however, was not to create a right in [the] appellant. It was not intended to benefit a contesting parent or parents or to enhance by force of numbers the position of a contesting adult.[2] Its purpose, rather, was to guarantee that the needs and welfare of the children would be advanced actively by an advocate whose loyalty was owed exclusively to them. In the instant case, the children and their belatedly appointed counsel are satisfied with the court's decree.... [A]lthough the rule requires appointment of counsel for a child at as early a point in the proceedings as feasible, the court's failure to make a pre-hearing appointment in the instant case was harmless. The children are now represented by counsel who has acted to protect their interests. We perceive no valid purpose to be served by remanding for a new hearing which can serve no substantive purpose. ·

---

[2] Prior to the passage of the Adoption Act in 1980, the appointment of counsel for children who were the subject of involuntary termination proceedings was unnecessary as long as the parties and the trial court provided for their best interests. *Matter of Kapcsos*, 468 Pa. 50, 360 A.2d 174 (1976). In *Kapcsos*, Justice Manderino, writing a dissenting opinion, joined by Justice Nix, suggested that although the legislature had not yet provided for appointed counsel, it was incumbent on the Court to so provide. This view was repeated again in 1979 by Justice Manderino's dissent to a per curiam affirmance of a decree terminating parental rights. *In re Thomas*, 484 Pa. 532, 399 A.2d 1063 (1979)(Dissenting Opinion by Manderino, J.). The statutory requirement that counsel be appointed appears to have been the legislature's response thereto.

*N.A.G.*, 471 A.2d at 874–75 (footnote ·in original).

¶ 8 *M.T.* was an appeal by a mother of three children, L.T., who was contesting the trial court's involuntary termination of her parental rights. L.T. raised a number of issues on appeal. Before turning to the issues on appeal, this Court noted that the trial court had appointed counsel to represent the children in the proceedings and commented that the advocacy of that counsel left much to be desired. Citing Pa. R.A.P. 302(a), the panel engaged in a discussion of whether the issues raised by the mother in her appeal had to be previously raised in order to preserve them for our review. We determined that, under the circumstances, the mother had sufficiently preserved her claims. Addressing the merits of the appeal in *M.T.*, this Court found that the Chancellor's findings were supported by clear and convincing evidence; that the requisites for termination were established; and that the needs and welfare of the children would be best served by termination.

¶ 9 In addressing whether the issues raised on appeal had been properly preserved, the panel in *M.T.* noted the conflict that existed concerning whether post-trial motions had to be filed in cases involving an involuntary termination decree. The panel ruled, however, that a resolution of that question was not necessary because exceptions had been filed raising the issues, the issues were raised in the Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P.1925(b), and the trial court had addressed the issues in its opinion.

¶ 10 Recently, in *In re J.J.F.*, 729 A.2d 79 (Pa.Super.1999), cited in L.V.H.M's brief, a panel of this Court addressed whether a father, whose parental rights were terminated, was entitled to file post-trial motions. The majority of the panel held ·that he was entitled to file post-trial motions to give the trial court an opportunity to correct any errors before it entered its final decree. The panel vacated the order involuntarily terminating the father's parental rights and remanded the matter for further proceedings. The panel further directed the trial court, on remand, to enter a finding, based solely on the evidence already presented, on how terminating the father's parental rights would affect the children, as required by section 2511(b) of the Adoption Act.

¶ 11 Judge Schiller, who authored a separate concurring opinion in *J.J.F.*, expressed his dismay at the failure of the counsel appointed to represent the children in fulfilling her responsibilities, pointing out that she failed to evaluate in detail how the termination would serve the needs and welfare of the children. He would have required the trial court, on remand, to direct the counsel appointed to represent the children to file an amended report that detailed the effect of the termination on the children, and, since the panel retained jurisdiction, to file a detailed appellate brief.

¶ 12 Neither the decision in *M.T.* nor the decision in *J.J.F.* precludes our review of the issue raised by L.V.H.M. here. The right to counsel belongs to the child, and there is no appointed counsel for the child who could have raised the child's rights in the proceedings before the trial court. The question goes to a fundamental statutory requisite to the trial court's decision in this matter.

¶ 13 Upon our careful review of the record in this case and the trial court's disposition, we must conclude that the trial court committed an error of law by failing to appoint counsel to represent the child pursuant to 23 Pa.C.S.A. § 2313(a), which directs that the court "shall" appoint such counsel. This Court has previously observed that the word "shall" is usually mandatory or imperative when used in a statute, although whether that word is directory or permissive is dependent upon the intent of the Legislature. *Tyler v. King*, 344 Pa.Super. 78, 496 A.2d 16, 19 (1985). Regarding the Legislature's use of the word "shall" in section 2313(a) of the

Adoption Act, this Court has interpreted the word "shall" in section 2313(A) as being mandatory, not permissive, and as serving as a direction to the court to appoint counsel. *See N.A.G.*

¶ 14 Although the trial court in the present matter attempted to arrive at an assessment of the impact of termination on the child's emotional needs and well being, the court failed to comply with the mandates of section 2313(a). There is no subsequent circumstance, such as the court's realization of its error and appointment of a counsel to represent the child, to cause us to conclude that this error was harmless, as was the situation in *N.A.G.* We are constrained to conclude that the trial court, although laudably concerned for the welfare of the child, committed a reversible error of law.

¶ 15 We therefore must vacate the trial court's order and remand the appeal to the trial court for further proceedings consistent with this Opinion.

¶ 16 Order vacated; appeal remanded. Jurisdiction is relinquished.