J-A08017-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF D.S. | : | IN THE SUPERIOR COURT OF |
| | : | |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.S., MOTHER, | : | |
| | : | No. 3281 EDA 2015 |

Appeal from the Order entered on September 30, 2015
in the Court of Common Pleas of Pike County,
Civil Division, No(s): 11 OCA 2015

BEFORE: BOWES, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JUNE 10, 2016**

S.F. f/k/a S.S. ("Mother") appeals from the order dated and entered on September 30, 2015, denying her petition to involuntarily terminate the parental rights of her former husband, M.S. ("Father"), to their minor son, D.S., born in April of 2003,[1] ("Child"), pursuant to the Adoption Act, 23 Pa.C.S. § 2511(a)(1) and (b).[2] We vacate, and remand.

The trial court set forth the relevant history of this case in its opinion as follows.

> [Mother] filed for [d]ivorce from [Father in June of 2006]. [The trial court] granted a Protection From Abuse ("PFA") Order in [Mother's] favor on August 1, 2006 for a period of three (3) years. A Custody Hearing occurred on August 3, 2006 which resulted in the Report and Recommendation of a Hearing Officer

---

[1] N.T., 9/29/15, at 6.

[2] Although the trial court decree did not cite a specific subsection of section 2511(a), it is apparent from the language in its opinion entered on November 19, 2015, that it denied termination of Father's parental rights pursuant to section 2511(a)(1) and (b).

*Retired Senior Judge assigned to the Superior Court.

adopting the custody arrangement provided for in the Protection From Abuse Order.

[The trial court] adopted the Report and Recommendation of an appointed Hearing Officer on August 23, 2006. That Order adopted the custodial arrangement established in the PFA Order, granting [Mother] sole legal and physical custody of [Child] and allowing [Father] visitation only in the presence of third-party supervision such as Catholic Social Services or Children and Youth Services. The parties were eventually divorced by Decree dated [March of 2008].

[Father] filed a [c]omplaint for [v]isitation on May 18, 2015. [Mother] filed a [r]eport of [i]ntention to [a]dopt and a [p]etition for [i]nvoluntary [r]elinquishment of [Father's] [p]arental [r]ights on July 22, 2015.

Trial Court Opinion, 11/19/15, at 1-2.

On August 17, 2015, Mother's fiancé, R.E., filed a petition for adoption of Child. The trial court held a hearing on Mother's termination petition on September 29, 2015. At the hearing, Mother testified on her own behalf and presented the testimony of R.E. Father testified on his own behalf.

In an order dated and entered on September 30, 2015, the trial court denied Mother's termination petition.[3] On October 29, 2015, Mother timely filed a notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

In her brief on appeal, Mother raises three questions for this Court's review, as follows:

---

[3] On October 1, 2015, the trial court entered an order that canceled the hearing on R.E.'s adoption petition, scheduled to occur on November 3, 2015, as moot.

1. Did [Mother] exhibit by clear and convincing evidence that Father had both evidenced a settled purpose of relinquishing a parental claim to [Child] and failed [to] perform essential parental duties for [Child's] entire life?

2. Did the trial court err in giving weight to Mother's alleged attempts to block access to [Child] when Father made no showing that he made substantial efforts to overcome such obstacles and the law requires he utilize all available resources?

3. Was it reversible error for the trial court to not appoint a *guardian ad litem* [sic] when petitioner included a request for the appointment of a guardian and the law requires such an appointment?

Mother's Brief, at 6.[4]

Initially, we address Mother's third issue stating that the trial court erred in failing to appoint a guardian *ad litem* to represent Child, pursuant to section 2313 of the Adoption Act, which provides as follows:

**§ 2313. Representation**

**(a) Child. –** The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

* * *

23 Pa.C.S.A. § 2313.[5]

---

[4] We note that Father, who was represented by counsel, did not file a brief.

[5] In the statement of questions raised section of her brief, Mother alleges that the trial court's failure to appoint a guardian *ad litem* constituted reversible error. Thereafter, throughout her brief, Mother refers

- 3 -

As this issue presents the interpretation of a statute, our scope and standard of review are as follows:

> [T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary.

**B.K.M. v. J.A.M.**, 50 A.3d 168, 172 (Pa. Super. 2012) (quotations omitted).

In **In re K.M.**, 53 A.3d 781, 787 (Pa. Super. 2012), a panel of this Court stated that section 2313(a) mandates that the trial court appoint counsel in all cases where involuntary termination of parental rights is contested. The issue in **In re K.M.** was whether the court was required to appoint a separate attorney to represent the child in a contested proceeding

---

interchangeably to the court's failure to appoint a "guardian *ad litem*" and/or "counsel" for Child. Despite this, the terms "guardian *ad litem*" and "counsel" carry significant legal distinctions for purposes of section 2313. In contested termination proceedings, the appointment of counsel for the child is mandatory under section 2313. **See** 23 Pa.C.S.A. § 2313. However, the appointment of a guardian *ad litem* in such proceedings falls within the discretion of the court. **Id.**

In light of this distinction, and to apply the proper standard, we must consider whether Mother raised and preserved her right to appellate review of an objection to the trial court's failure to appoint counsel for Child in this contested termination proceeding. Our review of the record confirms that Mother properly raised and preserved this issue. In her petition for involuntary relinquishment of Father's parental rights, Mother stated that she would advise the court if Father intended to contest the proceedings "so that an attorney may be appointed for [Child] as required by 23 Pa.C.S.A. § 2313[.]" Petition, 7/22/15, at 4 ¶17. Mother's concise statement also provided that, "the court was required to appoint counsel for [Child]." Concise Statement, 10/29/15, at 2 ¶5. Although the trial court, in its Pa.R.A.P. 1925(a) opinion, recognized that Mother raised this issue in her concise statement, the trial court failed to address the issue in the opinion. **See** Trial Court Opinion, 11/19/15, at 2.

when the trial court appointed a guardian *ad litem*, who was an attorney. More simply, *In re K.M.* asked whether the attorney and the guardian *ad litem* representing a child in a contested proceeding must be different individuals. This Court found that the statute does not require such a duplicative appointment. Although the precise issue in *In re K.M.* is not before us, the case makes clear that the appointment of counsel is mandatory where termination proceedings are contested.

In *In re Adoption of G.K.T.*, 75 A.3d 521 (Pa. Super. 2013), a panel of this Court also held that a trial court committed reversible error in failing to appoint counsel. The panel in *In re Adoption of G.K.T.* stated as follows:

> The right to counsel belongs to the child, and there is no appointed counsel for the child who could have raised the child's rights in the proceedings before the [orphans'] court. The question goes to a fundamental statutory requisite to the [orphans'] court's decision in this matter.
>
> Upon our careful review of the record in this case and the [orphans'] court's disposition, we must conclude that the [orphans'] court committed an error of law by failing to appoint counsel to represent the child pursuant to 23 Pa.C.S.A. § 2313(a), which directs that the court "shall" appoint such counsel. This Court has previously observed that the word "shall" is mandatory, or imperative when used in a statute, although whether that word is directory or permissive is dependent upon the intent of the Legislature. *Tyler v. King*, 344 Pa. Super. 78, 496 A.2d 16, 19 (1985). Regarding the Legislature's use of the word "shall" in section 2313(a) of the Adoption Act, this Court has interpreted the word "shall" in section 2313(a) as being mandatory, not permissive, and as serving as a direction to the court to appoint counsel.

[***In re E.F.H.***, 751 A.2d 1186,] 1189-1190 [(Pa. Super. 2000)].

After careful review, we find ***E.F.H.*** to be controlling in this matter. The orphans' court did not appoint counsel for the [c]hild, despite section 2313's mandatory language to the contrary. Adoptive Couple and the orphan's court acknowledged that no counsel was appointed. . . . However, Adoptive Couple argues that the error was harmless because "at the time of placement and throughout the [orphans'] court proceedings, [the [c]hild] would have been incapable of communicating with [counsel]." . . .

We find this argument unavailing. "[T]he purpose of [section] 2313(a) is to ensure that the needs and welfare of a child will be actively advanced by an advocate who owes loyalty *only* to the child." It may be true that when the child is a newborn, counsel's role is limited by the child's inability to communicate with him or her. However, we do not believe that it follows that counsel is unnecessary or gives us cause to ignore the plain text of section 2313(a). Counsel would still be required to independently advocate for the [c]hild's best interests, regardless of whether the [c]hild can communicate his preference or not. We decline Adoptive Couple's invitation to read an age component into section 2313(a)'s otherwise mandatory text. Based on these considerations, we conclude that the orphans' court committed reversible error in failing to appoint a counsel for the [c]hild as required by section 2313(a).

***In re Adoption of G.K.T.***, 75 A.3d at 526-527 (quotation and citations omitted) (footnote omitted) (emphasis in original).

The decisions cited above are controlling in this appeal. Accordingly, we find that the trial court erred in failing to appoint counsel to represent Child. We vacate the order, and remand the matter to the trial court for appointment of counsel, and a new termination hearing.[6]

---

[6] As we are vacating the trial court's order and remanding for a new termination hearing once counsel is appointed for Child, we need not address Mother's other two issues raised on appeal.

- 6 -

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016