J-S12024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF:<br>A.E.Y., A MINOR | IN THE SUPERIOR COURT<br>OF<br>PENNSYLVANIA |
| v. | |
| APPEAL OF: C.Y. | |
| | No. 1716 MDA 2017 |

Appeal from the Order, October 6, 2017,
in the Court of Common Pleas of Luzerne County,
Orphans' Court at No(s): A-8562

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 11, 2018**

C.Y. ("Mother") appeals from the order involuntarily terminating her parental rights to her 14-year-old daughter, A.E.Y. ("Child"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2) and (b).  Concluding that her appeal is frivolous, Mother's counsel has filed an application to withdraw. However, because we cannot ascertain whether the orphans' court considered the potential conflict between the child's best interests and her legal interests, we are constrained to vacate the order without prejudice and remand for proceedings consistent with this memorandum. Given this disposition, we also deny counsel's application to withdraw without prejudice.

We glean the following background from the findings made by the orphans' court, all of which are supported by the record.  The petitioners in this matter are the child's paternal grandmother and paternal step-

grandfather. The child has been residing in her grandparents' care since she was three years old. *See* Orphan's Court Opinion, 12/4/17, at 6.[1] The local children and youth agency had originally removed the child from Mother in 2006, because Mother was using heroin. *Id.,* at 9. Mother also admitted to previously using cocaine. *Id.* When the child was three years old, she was found dependent and placed with the paternal grandparents. *Id.,* at 6.

Approximately two years after the child's placement, in 2008, the trial court entered an order that discontinued the dependency litigation and conferred custody of the child to the grandparents; Mother was permitted to enjoy only supervised custody. *Id.* Afterward, the contact between Mother and child was sporadic. *Id.* In 2012, Mother filed for custody modification and was awarded partial physical custody of the child. *Id.* Pursuant to the modified order, Mother was entitled to have overnight custody. *Id.* But throughout the following year, Mother was not consistent with her exercise of custody; e.g., she often did not answer the door when the grandmother transported the child to Mother's home. *Id.*, at 7. In 2013, Mother's partial custody reverted back to supervised visitation. In October 2014, Mother stopped contacting the child completely. *Id.*

On June 6, 2017, the grandparents filed a petition to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2) and (b) of the Adoption Act. The orphans' court conducted hearings on October 3 and

---

[1] We note that the reproduced record is apparently missing two pages from the orphans' court's opinion.

October 5, 2017. At the hearings, Susan Maza, Esquire, represented the child's best interests as a court-appointed guardian *ad litem* ("GAL"). Mother was also represented by counsel. On October 6, 2017, the orphans' court entered an order terminating Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), and (b). This timely-filed appeal followed.

On January 5, 2018, Mother's counsel filed an application to withdraw as counsel and an **Anders**[2] brief. We normally address first whether counsel has complied with **Anders** before we reach the merits of the appellant's substantive claims. **See Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (**quoting Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)) (stating: "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). However, in this case, we must immediately address *sua sponte* whether the appointment of Attorney Maza as GAL satisfies the requirements of 23 Pa.C.S.A. § 2313(a). We find that it does not.

The child has a clear statutory right to counsel in contested involuntary termination proceedings:

> The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the

---

[2] **See Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

> best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a).

Appointment of counsel representing the child is mandatory, and the court's failure to do so is legal error. ***In re Adoption of T.M.L.M.,*** --- A.3d ---, 2018 Pa. Super. 87, (Pa. Super. Apr. 13, 2018) (***citing In re Adoption of G.K.T.***, 75 A.3d 521, 526 (Pa. Super. 2013)) (***see also In re E.F.H.***, 751 A.2d 1186, 1189–90 (Pa. Super. 2000)). ***See also In re Adoption of N.A.G.***, 324 Pa. Super. 345, 471 A.2d 871 (1984) (holding 23 Pa.C.S.A. § 2313(a) creates a statutory right for a child to have counsel appointed who actively advances his or her needs and welfare and owes loyalty exclusively to him or her). This Court may raise the failure to appoint statutorily-required counsel for children *sua sponte*, as children are unable to raise the issue on their own behalf due to their minority. ***In re K.J.H.***, ––– A.3d ––––, 2018 Pa Super 37 (Pa. Super. Feb. 20, 2018).

In a fractured opinion, our Supreme Court recently interpreted 23 Pa.C.S.A. § 2313(a). ***In Re Adoption of L.B.M.***, 161 A.3d 172 (Pa. 2017). In Section I of ***L.B.M.***, a section joined by five justices, the Court held that courts must appoint counsel to represent the legal interests of any child involved in a contested involuntary termination proceeding pursuant to 23 Pa.C.S.A. § 2313(a). ***In Re Adoption of L.B.M.***, 161 A.3d 172, 180 (Pa. 2017). In Section II–A of the opinion, a section joined by five justices, Justice Wecht explained that a child's legal interests are distinct from his or her best

interests, in that a child's legal interests are synonymous with the child's preferred outcome, while a child's best interests must be determined by the court. **Id.** at 174.[3]

Critically, the Justices disagreed on whether the role of counsel may be filled by a guardian *ad litem* (GAL) who also represents child's best interests. In the Court's lead opinion, Justice Wecht, joined by Justices Donohue and Dougherty, opined that a child's legal interests cannot be represented by a GAL. **Id.** at 180–82. However, the Court's remaining four Justices disagreed with that portion of the lead opinion, and opined, in a series of concurring and dissenting opinions, that a child's dependency GAL may serve as his or her counsel in the absence of an actual or **potential conflict between a child's legal and best interests**. **Id.** at 183–93 (emphasis added). **See also In re D.L.B.**, 166 A.3d 322, 329 (Pa. Super. 2017) (interpreting **L.B.M.** and declining to remand for appointment of additional counsel for child who was represented by an attorney who advocated for child's non-conflicting best and

---

[3] Our Supreme Court cites the Comment to Pa.R.J.C.P. 1154 in defining "best interests" and "legal interests":

> Legal interests denotes that an attorney is to express the child's wishes to the court regardless of whether the attorney agrees with the child's recommendation. "Best interests" denotes that a guardian *ad litem* is to express what the guardian *ad litem* believes is best for the child's care, protection, safety, and wholesome physical and mental development regardless of whether the child agrees.

Pa.R.J.C.P. 1154 cmt.

legal interests). A majority of the justices agreed that permitting the same attorney to serve in both capacities should be determined on a case-by-case basis. *Id.*

Our review of the record reveals the following regarding Attorney Maza's role. During the hearings, she cross-examined certain witnesses but did not introduce any witnesses or evidence. The court allowed Attorney Maza to make two recommendations, apparently to correspond with the bifurcated termination process of first determining whether grounds for termination exist before then determining whether termination serves the child's needs and welfare. The first recommendation came following the conclusion of evidence as to Section 2511(a). Attorney Maza stated:

> I am not saying that the natural mother doesn't love this child and I think it is admirable that she is trying to seek some help for herself, but as far as the parental duties of providing a stable environment for this child, a loving safe environment, I don't believe the mother has fulfilled those obligations in an assertive manner to protect this child.

N.T., 10/3/17, at 65-66.

At the conclusion of the hearing, Attorney Maza reiterated:

> I again recommend to the court that the natural mother's rights would be terminated. This child needs a stable environment. Her life for the last ten years has been residing with [the grandparents.] She does feel stable there. They provide security for the child. Again, it is admirable that the mother is seeking services for herself, but right now **I believe it is in the best interest of this child to continue to reside with the [grandparents] and their intent is to adopt this child.**

N.T., 10/6/17, at 102 (emphasis added).

As was the case in *In re Adoption of T.M.L.M.*, we are unable to ascertain whether the GAL purported to represent both child's legal and best interests. *See id.* We assume the GAL met with the child, but the record is silent on this fact. While the orphans' court entertained extensive testimony regarding the child's best interests, we are reduced to mere speculation regarding the child's preference. It some instances, particularly those cases involving local child service agencies, a GAL has represented a child's dual interests for many months or years. In those cases, in the absence of any indication of conflict, we would be satisfied there is none. But here, where we can infer that Attorney Maza's appointment is relatively recent, and where this child – at 14 years old – may have strong a preference regarding termination of her Mother's parental rights, we are compelled to exercise that case-by-case caution provided to us by our Supreme Court.[4]

Testimony from the grandparent revealed that the child did not ask about Mother, and the child was aware of both the proceedings and their purpose. *See* N.T., 10/3/23, at 23. However, Mother's counsel objected to

---

[4] A majority of the justices in *L.B.M., supra,* noted that there are times where a child may be too young to express her wishes and thus too young to have divergent legal interests and best interests. 161 A.3d 172, 181. This was the case in *In re D.L.B.*, 166 A.3d 322 (Pa. Super. 2017). In that matter, we ruled there was no error when the orphans' court appointed only a GAL, but failed to appoint legal counsel. The critical difference in *In re D.L.B.* is that the child in that case was only eight months old at the time of the termination.

this line of questioning, and the grandparents' counsel moved on. This exchange could have resolved the issue.

At 14 years old, the subject child of these proceedings is all the more equipped to share her personal position of how the orphans' court should rule. This position may be completely in line with Attorney Maza's best interests recommendation or it could be diametrically opposed to it. We cannot tell from the record.

Because we cannot determine whether Attorney Maza effectively represented the child's *legal* interests in this matter, we must remand the matter to allow the trial court to ascertain this answer. We recognize that the child has resided with her grandparents for as long as she could remember, but we are constrained to vacate the order terminating Mother's parental rights and remand for proceedings consistent with this opinion.

Upon remand, the court shall instruct Attorney Maza to determine whether the child's legal interests (i.e., her preferred outcome) are in line with the best interests recommendation Attorney Maza set forth at the hearing. The GAL should then notify the orphans' court whether the result of the prior proceedings corresponds with the child's legal interests or whether the GAL believes a new hearing is necessary to provide counsel an opportunity to advocate on the child's behalf. The orphans' court shall conduct a new hearing only if it serves the substantive purpose of providing the child with an

opportunity to advance her legal interests through her new counsel.[5]  *See*

*N.A.G.*, 471 A.2d at 875 (applying the similar remand instructions we provide

here).  But in either event, the orphans' court shall notify this Court by means

of a brief supplemental opinion indicating which of the two paths it takes.  If

the orphans' court need not set a new hearing, then we shall continue with

our review of Mother's appeal.  If a new hearing is necessary, we will reverse

and relinquish jurisdiction.

Because we remand the matter, we also deny Mother's counsel's

application to withdraw at this time.

Order vacated without prejudice to permit the orphans' court to re-enter

it if a new hearing is not necessary.  Application to withdraw denied without

_____

[5] In *N.A.G.*, the children were unrepresented until after the hearings, when the orphans' court realized its mistake and belatedly appointed counsel for the children. Father appealed from the order terminating his rights, arguing, *inter alia*, that this Court should vacate the decree and remand for a new hearing wherein the children would have representation. This Court made clear that the failure to appoint counsel prior to the hearings was "contrary to the statute's procedural mandate." *Id.* at 874. However, because the children's belatedly appointed counsel confirmed that the children did not wish to alter the termination decree and did not request a new hearing so that counsel could actively participate on their behalf, this Court held that the failure to appoint counsel prior to the hearing was harmless error. *Id.* at 874–75. The Court reasoned that the purpose of subsection 2313(a) is to guarantee the child an advocate who owes his or her loyalty exclusively to the child, as opposed to benefitting or creating rights in a contesting parent. *Id.* at 874. Thus, the Court declined to remand for a new hearing where a hearing would not serve a "substantive purpose." *Id.* at 875.

prejudice. Case remanded for proceedings consistent with this memorandum.

Jurisdiction retained.