J-S50045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ADOPTION OF H.A.H., R.O.C., JR. AND O.Z.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.M.H., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 801 WDA 2018 |

Appeal from the Decree, April 23, 2018,
in the Court of Common Pleas of Cambria County,
Orphans' Court at No(s): 2017-831 IVT,
2017-832 IVT, 2017-833 IVT.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED OCTOBER 15, 2018

Mother, J.M.H., appeals from the decrees entered April 23, 2018, which granted the petition filed by Cambria County Children and Youth Service (CYS) terminating her parental rights involuntarily to her three minor children: 8-year-old H.A.H., 3-year-old O.Z.C., and 17-month-old R.O.C., Jr. (collectively Children). After review, we vacate the order without prejudice and remand for further proceedings consistent with this memorandum.

CYS became involved with this family in March 2015 following allegations of medical neglect. Then 7-month-old O.Z.C. had only been seen by a pediatrician once since her birth and had no immunizations; Mother had also missed five pediatrician appointments for H.A.H. See N.T., 1/29/18, at 37. CYS initially arranged services to stabilize the family, but then filed a dependency petition in January 2016. The basis for the petition was Mother's

considerable lack of cooperation with service providers as well as Mother's positive tests for opiates, cocaine, and marijuana. Id., at 39-40. There were also allegations of homelessness and Mother's outstanding arrest warrant. Id., at 4.

Over the next two years, Mother was ordered to comply with a series of goals that would facilitate reunification. As the dependency cases proceeded, Mother's compliance appeared to be minimal. For example, Mother attended less than a quarter of her visits scheduled with Children.

In January 2018, the orphans' court held a hearing on CYS' termination petition. Mother appeared with counsel at the hearing. The court appointed Christopher G. Gvozdich, Esquire, to represent Children. At the conclusion of the hearing, the court directed the parties to submit memoranda arguing their respective positions. Thereafter, on April 23, 2018, the court entered terminating decrees. Mother timely filed notices of appeal along with concise statements of errors complained of on appeal.

Before addressing the merits of Mother's appeal, we must consider sua sponte whether Children's counsel provided adequate representation of their legal interests at the termination proceeding.

> Appointment of counsel representing the children is mandatory, and failure to do so is legal error. In re Adoption of G.K.T., 75 A.3d 521, 526 (Pa Super. 2013) (citing In re E.F.H., 751 A.2d 1186, 1189-90 (Pa. Super. 2000)). See also In re Adoption of N.A.G.., [471 A.2d 871 (Pa. Super. 1984)] (holding 23 Pa.C.S.A. § 2313(a) creates a statutory right for a child to have counsel appointed who actively advances his or her needs and welfare and owes loyalty exclusively to him or her). This

- 2 -

Court must raise the failure to appoint statutorily-required counsel for children sua sponte, as children are unable to raise the issue on their own behalf due to their minority. In re K.J.H., [180 A.3d 411 (Pa. Super. 2018)].

In re Adoption of M.D.Q., ---A.3d ---, 2018 PA Super 199, at *1-2. (Pa. Super. July 6, 2018) (citing In re Adoption of T.M.L.M., 184 A.3d 585, 588 (Pa. Super. 2018)). The Adoption Act provides that children have the right to representation by counsel in all contested involuntary termination proceedings. The Act provides as follows, in relevant part:

(a) Child.—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).

The term "counsel" in 23 Pa.C.S.A. § 2313(a) refers to an attorney representing the child's legal interests who is directed by the child. In re Adoption of L.B.M., 639 Pa. 428, 161 A.3d 172, 180 (2017). As our Supreme Court has emphasized, a child's legal interests are distinct from his or her best interests. Id. at 174; see also In re T.S., --- A.3d ---, 2018 WL 4001825 (Pa. August 22, 2018). A child's legal interests are synonymous with his or her preferred outcome, while a child's best interests must be determined by the trial court. Id.

This Court has further articulated that a remand is necessary when it is unclear whether the children's counsel advocated for their best interests or their legal interests. See M.D.Q., supra, 2018 PA Super 199, at *3. In M.D.Q., the children's counsel was a separately appointed attorney, as opposed to a guardian ad litem who was tasked with representing the children's non-conflicting legal and best interests. Id., at FN 1. There, counsel clearly advocated for termination of Mother's rights, yet we remanded to allow the children's counsel to conduct an additional interview of the children to discern their preferred outcomes directly. In that case, we could not tell from the record whether the source of the counsel's advocacy was the children's preferred outcome or whether the advocacy was driven by the counsel's own belief as to what was in the children's best interests. Id.

This case presents a factual predicate so similar to M.D.Q. that we are constrained to follow suit.

In M.D.Q., the orphans' court directed the parties to submit post-testimony briefs arguing their respective positions regarding termination of the mother's parental rights. Counsel stated that she spoke with the children to discuss their positions on termination. Id. The court determined, based on counsel's brief, that the children saw their stepmother as fulfilling the parental role; termination of the mother's rights would have no great impact on the children; and the mother's spotty involvement would detrimentally impact the children's emotional needs. Id. On appeal, the children's counsel submitted a brief with our Court, but the appellate brief did not provide any more

information about the children's preferred outcomes. Id. We held that counsel's representation was insufficient. In doing so, we explained that while counsel may have interviewed the children and spoken to them about their mother, it did not appear that counsel asked, or attempted to ask, what the preferred outcomes were. Id. We supposed that it may be that the children were not able or willing to state a preferred outcome, but there is no indication of that in the lower court's description either. Finally, we were unable to glean the children's preference anywhere else in the record. Id.

When comparing M.D.Q. with instant case, we observe the following similarities:

Attorney Gvozdich was appointed as an attorney for Children. He participated in this case by cross-examining witnesses; he made no mention of Children's preferred outcomes on the record, and presented no argument or statement on their behalf. At the conclusion of the hearing, the court directed the parties to submit memoranda arguing their position. Attorney Gvozdich's memorandum listed himself as "legal counsel," which has become something of a term-of-art as courts have implemented our Supreme Court's holding in L.B.M. See CYS' Brief, at Appendix 2. Attorney Gvozdich's post-testimony memorandum thoroughly argued for termination. But, as far as Children's preferred outcome was concerned, Attorney Gvozdich's explanation was ambiguous:

> Only [8-year-old] H.A.H. is of a suitable age that legal
> counsel [Attorney Gvozdich] was able to converse with him
> in a manner designed to elicit answers that would be helpful

> to representation of my clients' in the Court proceedings. My conversation with H.A.H. painted an overall picture of a child who is satisfied with whom and where he resides.

Id.

While Attorney Gvozdich held himself out as legal counsel and interviewed H.A.H., we still have no basis to conclude that H.A.H. was provided with counsel who represented his legal interests and took direction from H.A.H. to the extent possible. See M.D.Q., at *4. At the time of the hearing, H.A.H. was 8 years old. He had spent the first six years of his life with Mother. Mother testified that H.A.H. loves her, is bonded to her, and would not believe any negative thing said about her. N.T., at 140-141. Although Attorney Gvozdich explained that H.A.H. is "satisfied" with his current living situation, there was still no indication that H.A.H. would prefer this current situation over termination, which necessarily includes a very real possibility that he would never see Mother again, or at least not until he reaches the age of majority. Like M.D.Q., what little indication exists in the record addressing H.A.H.'s legal interests suggests that there may have even been a conflict between counsel's stated position and H.A.H.'s preferred outcome.

We agree with Attorney Gvozdich's assessment that the younger siblings (ages 3 and 17 months) were too young to articulate a preferred outcome. Thus, the younger siblings' cases do not pose the problem that H.A.H.'s case does. In their cases, we need not resolve the ambiguity of whether Attorney Gvozdich represented their best interests or legal interests. Where an attorney advocates for the children's best interests in a contested termination

hearing, § 2313(a) does not require the appointment of another lawyer to advocate for the children's legal interests when their preferred outcome is unknowable on account of the children's young age. See T.S., 2018 WL 4001825, at *7. In other words, even if Attorney Gvozdich only represented the younger siblings' best interests, his representation could not have run afoul of § 2313(a) because they were too young to articulate a preferred outcome. Nevertheless, all three Children's cases must be remanded, because all three may be impacted by H.A.H.'s preferred outcome.

In the event that H.A.H.'s preferred outcome does not align with termination, the orphans' court would be required to conduct a new hearing. A new hearing would necessitate a new 23 Pa.C.S.A. § 2511(b) analysis, which could affect not only H.A.H.'s case, but also to the cases of the younger siblings. This possibility may be remote, but our remand must account for it nevertheless.

We acknowledge that H.A.H.'s preferred outcome, even if inconsistent with termination, might still not be enough to change the end result. Likewise, we are aware that Attorney Gvozdich and the orphans' court did not have the benefit of either of our decisions in T.M.L.M. (184 A.3d 585) or in M.D.Q. (2018 PA Super 199), nor the Supreme Court's holding in T.S. (2018 WL 4001825) when this termination hearing occurred. But it is paramount that the law safeguards the rights of children, who cannot advocate for these rights themselves. Eventually, the "legal counsel" growing pains will ease as local

jurisdictions enforce § 2313(a) as it was intended. Until then, we are constrained to remand ambiguous cases like this.

Because of the deficiency of information here, we are constrained to vacate the decrees terminating Mother's parental rights involuntarily, and remand for counsel to conduct an additional interview with H.A.H. to discern and articulate his legal interests. Once Attorney Gvozdich has done so, he must notify the orphans' court. If H.A.H. express preferred outcome is consistent with the result of the prior proceeding, or if H.A.H. is unable or unwilling to articulate a clear preferred outcome, the court may reenter its termination decrees. If H.A.H.'s preferred outcome is inconsistent with the result of the prior proceeding, the court must conduct a new termination hearing, with counsel actively advocating for H.A.H.'s legal interests. See M.D.Q., --- A.3d ---, 2018 PA Super 199, at *5.

Order vacated without prejudice to permit the orphans' court to reenter the original order if a new hearing is not necessary. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judge Bowes joins in the Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2018