**In re ADOPTION OF J.L., G.M., R.B., S.M.**

**Appeal of J.L., Appellant.**

**In re Adoption of J.L.**

**Appeal of G.M. and R.B., Appellants.**

Superior Court of Pennsylvania.

Submitted Aug. 21, 2000.

Filed Feb. 28, 2001.

Judith A. Algeo, Doylestown, for J.L.

Shelia Oliver, Elkins Park, and Richard D. Magee, Doylestown, for G.M. and R.B.

Dean W. Ibrahim, Doylestown, for S.M.

Samuel C. Totaro, Bensalem, amicus curiae.

Before FORD ELLIOTT, JOYCE, JJ., and CIRILLO, President Judge Emeritus.*

FORD ELLIOTT, J.:

¶ 1 Before us are consolidated appeals from the trial court's order of January 13, 2000 which denied motions for post-trial relief and exceptions filed by appellant J.L. at No. 517 Eastern District Appeal 2000, and appellants G.M. and R.B. at No. 833 Eastern District Appeal 2000, to the *decree nisi* entered on December 21, 1999.

¶ 2 The relevant factual and procedural history follows. The subject of this case is J.L. who was born on December 2, 1993. L.A.L. ("Mother") is the natural mother of J.L. S.M. ("Father") is the natural father of J.L. The parties were involved in a nine-year relationship that ended in March or April 1999. Father was incarcerated between the years 1994 and 1997 and again since August 12, 1998. Father expected to be released in July 2000.

¶ 3 In January of 1995, Mother granted, by stipulation, to her parents, V.M. and D.M., legal and physical custody of J.L. The stipulation was made an order of court on January 20, 1995. D.M. passed away in 1996, leaving V.M. as custodian of J.L. At some point in 1996, G.M., who is the son of V.M. and brother of Mother, became involved and contends he was awarded legal custody of J.L. along with V.M. (*See* Document # 2, petition for involuntary termination of parental rights of putative father; notes of testimony, 12/17/99 at 12.)

¶ 4 G.M. and R.B., a friend of G.M.'s who resides with him, filed a petition to involuntarily terminate the parental rights of Father on May 19, 1999. On December 17, 1999, a hearing was held before the Honorable Daniel J. Lawler. On December 21, 1999, Judge Lawler entered an adjudication and *decree nisi* denying and dismissing the involuntary termination petition. The court concluded that petitioners, G.M. and R.B., had failed to establish by clear and convincing evidence the statutory elements of either § 2511(a)(1) or (a)(2) of the Adoption Act.[1] Pursuant to Pa.R.Civ.P. 236, notice of the court's decision was mailed to the parties on December 22, 1999 and indicated on the docket. On December 30, 1999, J.L.'s court-appointed counsel filed a motion for post-trial relief and exceptions to the *decree nisi.* On January 11, 2000, G.M. and R.B. filed a motion for post-trial relief and exceptions. J.L.'s motion and exceptions were denied and dismissed as moot because the court determined J.L. lacked standing seek such relief. G.M. and R.B.'s motion and exceptions were denied and dismissed as untimely.[2] *See* Pa.R.Civ.P. 227.1(c) (post-trial motions shall be filed within ten days). These appeals followed.

---

* President Judge Emeritus Cirillo did not participate in the consideration or decision of this case.

1. Sections 2511(a)(1) and (a)(2) provide:
   § 2511. **Grounds for involuntary termination**
   (a) **General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
   (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
   (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and cause of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
   23 Pa.C.S.A. § 2511(a)(1), (2).

2. G.M. and R.B.'s post-trial motion and exceptions were filed one day late.

¶ 5 J.L. raises the following issues for our consideration:

A. MAY A CHILD WHO HAS BEEN APPOINTED COUNSEL IN A PROCEEDING FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS BE DENIED STANDING TO REQUEST POST-TRIAL AND APPELLATE RELIEF?

B. DID THE TRIAL COURT ERR IN DENYING THE PETITION TO INVOLUNTARILY TERMINATE THE ALLEGED FATHER'S PARENTAL RIGHTS CHILD [SIC] WHEN THE FATHER FAILED TO PERFORM PARENTAL DUTIES THROUGHOUT THE LIFE OF THE CHILD AND COMMENCED LETTER WRITING ONLY AFTER RECEIPT OF THE TERMINATION PETITION?

C. DID THE TRIAL COURT ERR IN FINDING THAT PETITIONERS HAD FAILED TO PROVE THAT THE ALLEGED FATHER HAD FAILED OR REFUSED TO PERFORM PARENTAL DUTIES AND THAT HIS FAILURES WOULD NOT BE REMEDIED IN A REASONABLE PERIOD OF TIME?

Brief of J.L. at 3.

¶ 6 The issues raised in the appeal of G.M. and R.B. are as follows:

A. SHOULD NOT COUNSEL FOR THE CHILD HAVE THE RIGHT TO FILE A MOTION FOR POST-TRIAL RELIEF REGARDING ADJUDICATION DENYING PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS?

B. SHOULD NOT A TRIAL COURT ENTERTAIN THE MERITS OF PETITIONERS' POST-TRIAL MOTION FILED ONE DAY LATE REGARDING ADJUDICATION DENYING PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS?

C. DID NOT THE TRIAL COURT COMMIT AN ERROR OF LAW OR ABUSE ITS DISCRETION IN DENYING A PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS?

Brief of G.M. and R.B. at 4.

■ ¶ 7 We begin by addressing whether J.L. has standing to file a motion for post-trial relief. The trial court denied J.L. the opportunity to litigate post-trial motions because it determined J.L. did not have standing to initiate the involuntary termination proceeding. The court explained: "... the provision of an attorney for the child *during the hearing* does not give appointed counsel standing to file exceptions or seek post-trial relief on the child's behalf." (Trial court opinion, 3/7/00 at 3 (emphasis in original).) The court stated that:

[A] petition for involuntary termination may only be filed on behalf of a child by an attorney or guardian ad litem when the child has been adjudicated dependent. 23 Pa.C.S.A. § 2512(a). Otherwise, only a parent, an agency, or someone who has filed a report of intention to adopt while having custody or standing in loco parentis to the child can file an involuntary termination petition. *Id.*

*Id.* at 2. We find the trial court's reliance on § 2512(a), who may file a petition for involuntary termination, misplaced.

■ ¶ 8 We note that the trial court is correct that a minor child, unless adjudicated dependent, has no standing to file a petition to involuntarily terminate parental rights. However, that lack of standing to

initiate the action has no bearing on the child's opportunity to participate, through counsel, in the proceeding. Section 2313(a) of the Adoption Act requires the trial court to appoint counsel for the child in involuntary termination proceedings when the proceeding is being contested by one or both of the parents.[3] Here, Father contested the involuntary termination petition filed by G.M. and R.B. Counsel was appointed to represent J.L. on May 25, 1999. Following a one-day trial and ruling, counsel for J.L. filed a timely motion for post-trial relief and a bill of exceptions which the trial court denied. The court ruled that J.L. lacked standing to file a motion for post-trial relief.

¶ 9 The clear purpose of the mandatory appointment of counsel pursuant to § 2313(a) is to protect the interests of the child. Implicit in this appointment of counsel is a recognition that the interests of the child may be very different than or diverge from the interests of the other parties to the proceedings. Consequently, we can discern no reason why the child may not seek a remedy for perceived grievances that arise from the proceedings.

¶ 10 In *In re: E.F.H.*, 751 A.2d 1186, 1188 (Pa.Super.2000), when discussing § 2313(a) of the Adoption Act and the appointment of counsel, we stated: "Its purpose, ... [is] to guarantee that the needs and welfare of the children would be advanced actively by an advocate whose loyalty was owed exclusively to them." If counsel disagrees with the court's decision, then, as the child's advocate, counsel has a duty to actively seek relief, including the filing a post-trial motion. To deny J.L. any opportunity to seek review of the trial court's decision, or to challenge the findings of fact and errors of law, flies in the face of why counsel is appointed in the first place.

¶ 11 Recently, in a case involving the termination of a father's parental rights to his two children, appointed counsel for the children failed to file a brief on appeal. This court cautioned that counsel is appointed to represent their clients with zeal and professionalism, especially since the clients, i.e., the children, have no say in such an appointment and deserve to have the benefit of effective representation. *In re: J.J.F.*, 729 A.2d 79, 83 (Pa.Super.1999) (Schiller, J., concurring opinion).

¶ 12 Here, as J.L.'s advocate, counsel filed a post-trial motion which the trial court refused to consider citing J.L.'s lack of standing. We find the court erred in this regard, and we are compelled to remand this matter for consideration of J.L.'s post-trial motion and bill of exceptions.

¶ 13 As to the appeal filed by G.M. and R.B., we find that to the extent they wish to raise J.L.'s standing issue, *they* lack standing to do so. As to the issue of their untimely exceptions, filed one day late, we will remand their appeal as well. Since we are remanding for the trial court's consideration of J.L.'s post-trial motion and because of the important nature of involuntary termination proceedings, the trial court may wish to reconsider

**3.** Section § 2313(a) provides:
**§ 2313. Representation**
(a) **Child.**—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.
23 Pa.C.S.A. § 2313(a).

its decision regarding the timeliness of G.M. and R.B.'s motion for post-trial relief and exceptions. *See Wittig v. Carlacci,* 370 Pa.Super. 584, 537 A.2d 29, 30 (1988) (trial court has broad discretion to entertain untimely post-trial motion).

¶ 14 This remand is without prejudice to the appeal rights that any party may have after a full and complete review of the post-trial motions by the trial court.

¶ 15 Orders vacated. Appeals at Nos. 517 and 833 EDA 2000 are remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.