J-S31001-16 & J-S31002-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: L.B.M., A MINOR, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| | : | |
| APPEAL OF: J.P., MOTHER | : | No. 1834 MDA 2015 |

Appeal from the Order Entered September 25, 2015
in the Court of Common Pleas of Franklin County
Orphans' Court at No(s): 42-Adopt-2014

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.D.M., A MINOR, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| | : | |
| APPEAL OF: J.P., MOTHER | : | No. 1835 MDA 2015 |

Appeal from the Order Entered September 25, 2015
in the Court of Common Pleas of Franklin County
Orphans' Court at No(s): 41-Adopt-2014

| | | |
|---|---|---|
| IN THE INTEREST OF: L.B.M., A MINOR, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| | : | |
| APPEAL OF: J.P. | : | No. 1836 MDA 2015 |

Appeal from the Order Entered September 25, 2015
in the Court of Common Pleas of Franklin County
Orphans' Court at No(s): CP-28-DP-0000050-2013

*Retired Senior Judge assigned to the Superior Court.

J-S31001-16 & J-S31002-16

IN THE INTEREST OF: A.D.M., A : IN THE SUPERIOR COURT OF
MINOR, : PENNSYLVANIA
:
Appellee :
:
:
APPEAL OF: J.P. : No. 1837 MDA 2015

Appeal from the Order Entered September 25, 2015
in the Court of Common Pleas of Franklin County
Orphans' Court at No(s): CP-28-DP-0000051-2013

BEFORE:     SHOGAN, OTT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED MAY 31, 2016**

I believe that the orphan's court erred in denying Mother's request for appointment of legal counsel for the boys. Accordingly, I would vacate the court's order and remand for a new hearing with the appointment of counsel.

This is a close case on the merits. The orphan's court acknowledged that it had previously denied the Agency's termination petition on the basis that Mother had remedied the conditions leading to the boys' placement and on the strength of the family bond. Orphan's Court Opinion, 12/7/2015, at 9. Mother was days away from being reunited with her children before the conduct that prompted the GAL to file the instant petition was discovered. *Id.* at 9-11. Moreover, the boys are 9 and 5. The older child, A.D.M., has stated a clear preference to live with Mother. Orphan's Court Opinion, 12/7/2015, at 9. This preference is best expressed to the court by separate

- 2 -

appointed counsel tasked with advocating on behalf of the child, as required by 23 Pa.C.S.§ 2313(a).

> The pertinent statutory provision provides as follows:
>
> **(a) Child.**—The court **shall** appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parents.

23 Pa.C.S. § 2313(a) (emphasis added). "Implicit in this appointment of counsel is a recognition that the interests of the child may be very different than or diverge from the interests of the other parties to the proceedings." ***In re Adoption of J.L.,*** 769 A.2d 1182, 1185 (Pa. Super. 2001).

In reviewing the statute, the orphan's court concluded, and the Majority agrees, that denial of Mother's motions to appoint legal counsel to represent L.B.M. and A.D.M. at the TPR hearing was proper because the guardian *ad litem* (GAL) appointed to represent the boys during the dependency proceedings was also an attorney. Orphan's Court Opinion, 12/7/2015, at 22. In reaching this conclusion, the court relied on this Court's decision in ***In re K.M.***, 53 A.3d 781, 787 (Pa. Super. 2012), which held, *inter alia*, that the orphan's court did not err in denying appellant's request to appoint counsel for the children at issue where the court appointed GAL was a licensed attorney.

The minor child in **K.M.** was three years old at the time of the termination hearing and had been in placement since his birth. **K.M.**, 53 A.3d at 784. Because a GAL had been previously appointed, the panel concluded that appointment of additional counsel was superfluous. **Id.** at 787.

I am cognizant that section 6311 of the Juvenile Act mandates that courts appoint a GAL to children in dependency proceedings to "represent the legal interests and the best interests of the child." 42 Pa.C.S. § 6311. The statute requires the GAL be an attorney and expressly notes that "a difference between the child's wishes … and the recommendations [made by the GAL relating to the appropriateness and safety of the child's placement and services necessary to address the child's needs and safety] shall not be considered a conflict of interest for the GAL. **Id.** However, a plain reading of section 2313(a) suggests that the legislature intended to differentiate between legal counsel and GAL in TPR proceedings.

Here, particularly with respect to A.D.M., the difference between the child's interests and the best interest of the child is staggering, and it is readily apparent that a GAL appointed to represent the boys' interests in the dependency proceedings cannot advocate effectively on the boys' behalf with respect to issues raised surrounding the TPR and adoption without creating a conflict. Such was not the case in **K.M.** where the child's age necessarily led to a commonality of legal and best interests.

Accordingly, I respectfully dissent.