J-S47030-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IN THE INTEREST OF: A.F., A MINOR : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| APPEAL OF: ALLEGHENY COUNTY : | |
| OFFICE OF CHILDREN, YOUTH AND : | |
| FAMILIES : | No. 589 WDA 2018 |

Appeal from the Order Entered April 11, 2018
in the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000193-2017

| | |
|---|---|
| IN THE INTEREST OF: A.A.W. A/K/A : | IN THE SUPERIOR COURT OF |
| A.A.W., A MINOR : | PENNSYLVANIA |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| APPEAL OF: ALLEGHENY COUNTY : | |
| OFFICE OF CHILDREN, YOUTH AND : | |
| FAMILIES : | No. 590 WDA 2018 |

Appeal from the Order Entered March 29, 2018
in the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000194-2017

| | |
|---|---|
| IN THE INTEREST OF: A.J.J., A : | IN THE SUPERIOR COURT OF |
| MINOR : | PENNSYLVANIA |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| APPEAL OF: ALLEGHENY COUNTY : | |
| OFFICE OF CHILDREN, YOUTH AND : | |
| FAMILIES : | No. 591 WDA 2018 |

J-S47030-18

Appeal from the Order Entered March 29, 2018
in the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000195-2017

| | | |
|---|---|---|
| IN THE INTEREST OF: A.A.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ALLEGHENY COUNTY OFFICE OF CHILDREN, YOUTH AND FAMILIES | : | |
| | : | |
| | : | No. 592 WDA 2018 |

Appeal from the Order March 29, 2018
in the Court of Common Pleas of Allegheny County Orphans' Court at No(s):
CP-02-AP-0000196-2017

BEFORE: OLSON, MCLAUGHLIN, and STRASSBURGER*, JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED: September 17, 2018

I concur in the result reached by the Majority. I agree with the Majority that the orphans' court erred by applying the law incorrectly for the second factor of the statutory analysis pursuant to 23 Pa.C.S. § 2511(a)(8). Thus, I further agree that orphans' court's order should be vacated, and the case remanded to the orphans' court to conduct a new analysis.

Where I part ways the Majority is in its conclusion that the orphans' court's failure "to address the needs and welfare of the Children ... constitutes legal error." Majority Memorandum, at 13.

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

> In order to terminate parental rights pursuant to 23 Pa.C.S.[]
> § 2511(a)(8), the following factors must be demonstrated: (1)
> The child has been removed from parental care for 12 months or
> more from the date of removal; (2) the conditions which led to
> the removal or placement of the child continue to exist; and (3)
> termination of parental rights would best serve the needs and
> welfare of the child.

In re Adoption of M.E.P., 825 A.2d 1266, 1275–76 (Pa. Super. 2003).

Here, the orphans' court found that OCYF failed to satisfy the second factor. It is well-settled that if the orphans' court concludes that OCYF has failed to satisfy any one of the three factors, then the orphans' court must deny OCYF's petition. Thus, once the orphans' court concluded that OCYF had not satisfied the second factor, it had no need to analyze the third. Even if the orphans' court found that "termination of parental rights would best serve the needs and welfare of the child," the orphans' court would still have had to deny the petitions. 23 Pa.C.S. § 2511(a)(8). Thus, I disagree with the Majority that the orphans' court erred in this respect.

Because we are vacating the orders and remanding the case to the orphans' court, I also point out a few areas of concern with respect to the Children's representation by counsel at the TPR hearing and on appeal.

> The term "counsel" in 23 Pa.C.S. § 2313(a) refers to an
> attorney representing the child's legal interests who is directed by
> the child. In re Adoption of L.B.M., [] 161 A.3d 172, 180 ([Pa.]
> 2017). As our Supreme Court has emphasized, a child's legal
> interests are distinct from his or her best interests. Id. at 174. A
> child's legal interests are synonymous with his or her preferred
> outcome, while a child's best interests must be determined by the
> trial court. Id.

*In re Adoption of M.D.Q.,* __ A.3d __, 2018 WL 3322744, at *2 (Pa. Super. 2018).

Recently, in *In re T.S.,* __ A.3d __, 2018 WL 4001825, at *10 (Pa. 2018), our Supreme Court offered the following.

> [D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian ad litem representing the child's best interests can also represent the child's legal interests. … [M]oreover, if the preferred outcome of a child is incapable of ascertainment because the child is very young and pre-verbal, there can be no conflict between the child's legal interests and his or her best interests; as such, the mandate of Section 2313(a) of the Adoption Act that counsel be appointed "to represent the child," 23 Pa.C.S. § 2313(a), is satisfied where the court has appointed an attorney-guardian ad litem who represents the child's best interests during such proceedings.

*Id.* at *10.

In this case, it appears from the record that KidsVoice represented Children as guardian ad litem beginning in 2014 and throughout the dependency proceedings. For reasons not clear from the record, on December 14, 2017, the orphans' court appointed Office of Conflict Counsel to represent Children as counsel instead of KidsVoice. Pre-Trial Order, 12/14/2017, at 1. On January 22, 2018, Attorney Lynne Sherry from the Office of Conflict Counsel entered her appearance on behalf of A.F. only and represented her at the TPR hearing.[1] The other three children were represented at that hearing

---

[1] A.F. was seven-and-a-half years old at the time of the hearing.

by a different attorney, Attorney Anastasia Williams; however, it is not clear when or why she was appointed.[2] KidsVoice did not participate in the hearing.

Both attorneys questioned witnesses and participated in the hearing. At closing, Attorney Williams told the orphans' court that her "position has to al[ign] with the agency at this time." N.T., 3/16/2018, at 157. In addition, Attorney Sherry represented to the orphans' court that it is her position that "grounds do exist for termination of parental rights," and explained why she believed the agency met its burden regarding A.F.'s needs and welfare despite A.F.'s love for Mother. Id. at 158. Attorney Sherry has filed a brief on appeal consistent with her position expressed at the hearing; Attorney Williams has not filed a brief or joined in another brief.

The issue here is that it is not clear from the record whether Attorney Williams and Attorney Sherry were representing Children's legal interests or best interests.[3] It is also unclear why KidsVoice did not continue its representation as guardian ad litem, either in addition to separate counsel if

_____

[2] These children were ages 5, 3, and almost 2 at the time of the hearing.

[3] It may be that this is different for each child. For example, if the youngest two children were too young to express a preferred outcome, which is likely due to their ages, best interests representation is both necessary and appropriate. See T.S., supra. To the extent that Attorney Williams and/or Attorney Sherry were advocating on behalf of any of Children's best interests because there was no conflict between that child's best and legal interests, it is curious why the orphans' court did not have Children's dependency guardian ad litem continue the representation of Children. See L.B.M., 161 A.3d at 188 (Baer, J., concurring) (noting that continuity of representation between the dependency and termination proceedings is desirable for children).

Children's best and legal interests diverged or as Children's sole counsel if Children's best and legal interests were the same. Finally, there is no indication in the record as to why A.F. and the other children had different attorneys, especially after the court only appointed Office of Conflict Counsel to represent them.[4]

It is obvious that the parent is contesting the TPR, but the child's position is not self-evident. It is often difficult for this Court to discern whether the attorney is advocating for a child's preferred outcome (i.e., legal interests), the attorney's opinion as to what is in the child's best interests, or some combination of the two. The child has a statutory right to client-directed counsel who must advocate solely for the child's preferred outcome regardless of what the attorney personally believes is in the child's best interests, unless there is no conflict between a child's legal interests and best interests, see T.S., supra. Thus, it is important that the record is clear as to what position the attorney is advancing. As this is an ever-changing area of law and this Court attempts to expedite these cases in order for children to achieve

_____

[4] For example, there is no indication whether the court appointed separate counsel because of a conflict between Children's best and legal interests relating to the TPR, or due to some other reason unrelated to the TPR. While it is unnecessary to divulge the exact nature of the conflict, it would be helpful to this Court if a brief explanation were placed on the record. Further, no order of appointment appears appointing Attorney Williams. Our Supreme Court has recommended as a best practice that the orphans' court place an order on the record formalizing an order of appointment in TPR proceedings. See T.S., supra (citing L.B.M., 161 A.3d at 188 (Baer, J., dissenting)).

permanency, I use this opportunity to point out that it is best practice for attorneys and orphans' courts to place on the record a brief explanation of which attorney represents which child, the capacity in which the attorney represents the child, and whether the attorney is advocating for a child's preferred outcome, best interests, or both.[5]

In addition, "[c]ounsel's duty to represent a child does not stop at the conclusion of the termination of parental rights hearing." In re Adoption of T.M.L.M., 184 A.3d 585, 590 (Pa. Super. 2018); see also In re M.T., 607 A.2d 271, 276 (Pa. Super. 1992) (observing that child's counsel abdicated his legal responsibilities to his client because counsel, inter alia, failed to file a brief, indicate that he joined another party's brief, or otherwise notify this Court of his client's position). Thus, it is also best practice for counsel to file a brief or join a brief on appeal to this Court. Moreover, if a child's position differs from the outcome of the termination proceeding, counsel has a duty to seek relief actively, such as by filing an appeal on behalf of the child. See In re Adoption of J.L., 769 A.2d 1182, 1185 (Pa. Super. 2001).

_____

[5] For example, when the attorney enters a verbal appearance at the beginning of the hearing or argues a position at the conclusion of the hearing, the attorney could state his or her name, the firm or organization for which he or she works, the child he or she represents, whether the child supports or opposes the TPR petition or has a position that is more nuanced or incapable or ascertainment, and whether the position advocated by the attorney is based upon the client's preferred outcome or the attorney's opinion regarding the child's best interests.