J-S57016-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTREST OF: A.M.R. A/K/A A.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: D.R., FATHER | : | |
| | : | No. 1367 EDA 2018 |

Appeal from the Decree April 10, 2018
in the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000010-2018
FID: 51-FN-002198-2018

BEFORE:  PANELLA, J., PLATT,* J., and STRASSBURGER,* J.

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED NOVEMBER 09, 2018**

Here, the Majority concludes that it is "constrained to vacate the decree in this matter, and remand for further proceedings[,]" because "there is nothing in the record that clearly indicates Child's preferences[.]"  Majority at 5.  Because I find that our Supreme Court's decision in *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) (plurality), its more recent decision in *In re T.S.*, ___ A.3d ___, 2018 WL 4001825 (Pa. 2018), and this Court's interpretations of these cases do not demand such a result based on the facts before us, I respectfully dissent.

We begin with *L.B.M.*  In that seminal case, our Supreme Court held "that [23 Pa.C.S. § ]2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary [termination of parental rights (TPR)] proceedings."  161 A.3d at 180.  "[A] child's legal interests are distinct from his or her best interests, in that a child's legal interests are

_____
* Retired Senior Judge assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

synonymous with the child's preferred outcome, while a child's best interests must be determined by the court." ***In re Adoption of T.M.L.M.***, 184 A.3d 585, 588 (Pa. Super. 2018).

Recently, in ***In re T.S.***, our Supreme Court offered the following.

[D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests. … [M]oreover, if the preferred outcome of a child is incapable of ascertainment because the child is very young and pre-verbal, there can be no conflict between the child's legal interests and his or her best interests; as such, the mandate of Section 2313(a) of the Adoption Act that counsel be appointed "to represent the child," 23 Pa.C.S. § 2313(a), is satisfied where the court has appointed an attorney-guardian *ad litem* who represents the child's best interests during such proceedings.

***Id***. at *10.

In the instant matter, the trial court appointed legal counsel, Attorney Melanie Silverstein, to represent Child's legal interests. In addition, the trial court appointed a guardian *ad litem* (GAL), Attorney Kathleen Taylor, who represented Child's best interests. The Majority finds that "Attorney Silverstein was present at the [termination] hearing, but did not present evidence, cross-examine witnesses, or argue Child's legal preferences. The record is silent as to whether Attorney Silverstein ascertained Child's legal preferences during the pendency of appeal. … Attorney Silverstein has not filed a brief or joined the brief of another party." Majority at 4-5 (citation to the record omitted). Thus, the Majority concludes it was necessary to "remand to the trial court to re-appoint legal counsel and a [GAL] for Child, and direct

counsel to effectively represent Child by ascertaining Child's position and advocating in a manner designed to effectuate that position." ***Id.*** at 6 (internal quotation marks and brackets omitted).

In ***T.M.L.M.***, we expounded upon the duties of counsel:

> Like adult clients, effective representation of a child requires, at a bare minimum, attempting to ascertain the client's position and advocating in a manner designed to effectuate that position. It may be that Child's preferred outcome in this case is synonymous with his best interests. It may be that Child wants no contact with Mother. Child may be unable to articulate a clear position or have mixed feelings about the matter. Furthermore, termination of Mother's rights may still be appropriate even if Child prefers a different outcome. However, pursuant to the Supreme Court's opinion in Sections I and II–A of ***L.B.M.***, it is clear that where a court appoints an attorney ostensibly as counsel, but the attorney never attempts to ascertain the client's position directly and advocates solely for the child's best interests, the child has been deprived impermissibly of his statutory right to counsel serving his legal interests. ***L.B.M.***, 161 A.3d at 174, 180.

184 A.3d at 590.

Here, the Majority found that the record does not state Child's preferred outcome nor does it demonstrate that Attorney Silverstein attempted to interview her client and ascertain Child's preferred outcome.[1]  However, we have no reason to believe that these things did not occur, which makes this case distinguishable from other cases cited by the Majority, where this Court required a remand.

---

[1] At the time of the hearing, Child was nine years and ten months old.

We begin with **T.M.L.M.**  In that case, the orphans' court appointed Attorney Suzann Lehmier to represent the child at the TPR hearing.  Attorney Lehmier stated on the record at the TPR hearing that she did not meet with or talk to her client. 184 A.3d at 589.  She further told the trial court her "only concern [is] his best interests." **Id.** (emphasis omitted).  Thus, this Court concluded that Attorney Lehmier's representation of the child was deficient.

We next consider **In re Adoption of M.D.Q.**, ___ A.3d ___, 3322744 (Pa. Super. 2018).  In that case, the children's father and stepmother petitioned to terminate the mother's parental rights.  Attorney Courtney Kubista was appointed as "Attorney for the Children." **Id**. at n.1.  The record revealed that Attorney Kubista did indeed interview the children, who were eight and six-and-a-half years old, and subsequently concluded that "termination was warranted in this matter in regard to the best interests of [c]hildren." **Id**. at *4.  This Court's review of the record revealed that counsel's representation of children was deficient because despite the fact she was appointed as counsel for the children, she advocated for their best interests without providing an explanation to the court as to why.  Furthermore, counsel's statements to the orphans' court and this Court suggested that she was speculating as to Children's preferred outcomes instead of following their direction. Additionally, the record indicated a potential conflict between the position counsel took and the position of one of the children.  Thus, on appeal, this Court could not conclude that the children "were provided with counsel

who represented their legal interests and took direction from [them] to the extent possible due to their ages." *Id*.

Finally, we consider *In re Adoption of D.M.C.*, \_\_ A.3d \_\_, 2018 WL 3341686 (Pa Super. 2018). That case involved two children, one who was 12 and one who was almost 4. The orphans' court appointed an attorney as "court-appointed counsel" for the children. *Id*. at *2. That attorney later withdrew and new counsel was appointed. However, in neither instance was it clear whether counsel was appointed as legal counsel or best-interests counsel, especially because counsel sometimes referred to himself as a GAL for the children. Furthermore, the record reveals that counsel spoke one time to the older child, and that conversation occurred the night before the TPR hearing. In that call, according to counsel, the child indicated "he's ready for permanency." *Id*. at *3. Thus, the attorney told the orphans' court that "permanency" was in his "best interests." *Id*. Counsel also suggested a post-adoption contract agreement.

On appeal, counsel indicated that the child wanted to be adopted, but also wanted to remain in contact with his mother. Based on the foregoing, this Court concluded that it is unclear whether the child "received the benefit of [his] statutorily-required right to client-directed counsel serving [his] legal interests." *Id*. at *5. The failure of the orphans' court to clarify counsel's role, along with counsel's inherently conflicting representations, required this Court to remand.

We now turn to the facts of the instant case. Here, as indicated *supra*, Child was appointed both legal counsel and a GAL. Although legal counsel did not ask any questions at the hearing or file a brief on appeal, there is nothing in the record that would suggest that counsel failed to perform her duties.[2] Thus, the situation in this case is distinguishable from the aforementioned, and I would conclude that there is no need to remand this case on this basis.

That being said, I would be remiss not to point out that it is often difficult for this Court to discern whether the attorney is advocating for a child's preferred outcome (*i.e.*, legal interests), the attorney's opinion as to what is in the child's best interests, or some combination of the two. The child has a statutory right to client-directed counsel who must advocate solely for the child's preferred outcome regardless of what the attorney personally believes is in the child's best interests, unless there is no conflict between a child's legal interests and best interests, **see T.S., supra**. Thus, it is important that the record is clear as to what position the attorney is advancing. As this is an ever-changing area of law and this Court attempts to expedite these cases in order for children to achieve permanency, I suggest that it is best practice for attorneys and orphans' courts to place on the record a brief explanation of which attorney represents which child, the capacity in which the attorney represents the child, whether the attorney is advocating for a child's preferred

---

[2] There may be strategic reasons why counsel elected not to have a more active role.

outcome, best interests, or both, and what preferred outcome, if any, the child articulated to counsel.[3]

In addition, "[c]ounsel's duty to represent a child does not stop at the conclusion of the termination of parental rights hearing." *In re Adoption of T.M.L.M.*, 184 A.3d 585, 590 (Pa. Super. 2018); *see also In re M.T.*, 607 A.2d 271, 276 (Pa. Super. 1992) (observing that child's counsel abdicated his legal responsibilities to his client because counsel, *inter alia*, failed to file a brief, indicate that he joined another party's brief, or otherwise notify this Court of his client's position). Thus, it is also best practice for counsel to file a brief or join a brief on appeal to this Court. Moreover, if a child's position differs from the outcome of the termination proceeding, counsel has a duty to seek relief actively, such as by filing an appeal on behalf of the child. *See In re Adoption of J.L.*, 769 A.2d 1182, 1185 (Pa. Super. 2001).

However, the aforementioned best practices are not required by either *L.B.M.* or *T.S.* at this point in order to satisfy 2313(a).[4] Child is entitled to

---

[3] For example, when the attorney enters a verbal appearance at the beginning of the hearing or argues a position at the conclusion of the hearing, the attorney could state his or her name, the firm or organization for which he or she works, the child he or she represents, whether the child supports or opposes the TPR petition or has a position that is more nuanced or incapable of ascertainment, and whether the position advocated by the attorney is based upon the client's preferred outcome or the attorney's opinion regarding the child's best interests.

[4] We recognize that section 6311 of the Juvenile Act does indeed mandate some of these best practices for dependency proceedings. *See* 42 Pa.C.S. § 6311(b)(9). However, TPR hearings are governed by the Adoption Act, which at this time imposes no similar requirements. *See* 23 Pa.C.S. § 2313.

legal counsel, and Child indeed had that here. Counsel, whether they represent children or adults, are bound to follow the Pennsylvania Rules of Professional Conduct. As in all other areas of law, we presume counsel to be effective, so unless it is apparent from the record before us that there may be a question as to whether a child was deprived of the child's statutory right to legal-interest counsel, this Court should not remand for clarification of counsel's role regarding a child's preference.